1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

### WESTERN DIVISION

11  **HENRY MARTINEZ,**                    )
                                         )
12              **Plaintiff,**           )       **Case No. CV 14-02411 AJW**
                                         )
13          **v.**                       )       **MEMORANDUM OF DECISION**
                                         )       **AND ORDER**
14  **CAROLYN W. COLVIN,**               )
    **Acting Commissioner of**           )
15  **Social Security,**                 )
                                         )
16              **Defendant.**           )
    _____)

17

18       Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the

19  Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental

20  security income ("SSI") benefits.  The parties have filed a Joint Stipulation ("JS") setting forth their

21  contentions with respect to each disputed issue.

22                                    **Administrative Proceedings**

23       In a September 26, 2012 written hearing decision that is the Commissioner's final decision with

24  respect to plaintiff's application, an administrative law judge (the "ALJ") found that plaintiff was not

25  disabled because he retained the residual functional capacity ("RFC") to perform work available in

26  significant numbers in the national economy.[JS 1-2; Administrative Record ("AR") 14-24].

27                                        **Standard of Review**

28       The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial

1   evidence or is based on legal error. <u>Stout v. Comm'r, Soc. Sec. Admin.</u>, 454 F.3d 1050, 1054 (9th Cir.

2   2006); <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than

3   a mere scintilla, but less than a preponderance." <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1214 n.1 (9th Cir.

4   2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

5   <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is

6   required to review the record as a whole and to consider evidence detracting from the decision as well as

7   evidence supporting the decision. <u>Robbins v. Soc. Sec. Admin</u>, 466 F.3d 880, 882 (9th Cir. 2006);

8   <u>Verduzco v. Apfel</u>, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than

9   one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

10  <u>Thomas</u>, 278 F.3d at 954 (citing <u>Morgan v. Comm'r, Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

11

12  **Medical opinion evidence**

13          Plaintiff contends that the Commissioner's denial of benefits should be reversed in light of a post-

14  decision mental impairment questionnaire opinion of his treating physician, Theodore Pearlman, M.D. [<u>See</u>

15  AR 409-412]. That evidence was not submitted to the ALJ, but it was submitted to the Appeals Council in

16  support of plaintiff's request for review. The Appeals Council concluded that it provided no basis for

17  changing the ALJ's opinion. [<u>See</u> AR 3-7].

18          When a disability claimant submits evidence for the first time to the Appeals Council, which

19  considers that evidence in denying review of the ALJ's decision, the new evidence is part of the

20  administrative record, which the district court must consider in determining whether the Commissioner's

21  decision is supported by substantial evidence. <u>Brewes v. Comm'r of Soc. Sec. Admin.</u>, 682 F.3d 1157, 1160,

22  1162-1163 (9th Cir. 2012).

23          The ALJ found that plaintiff, who was then 25 years old, has severe mood and anxiety disorders, and

24  that he retained the RFC to perform a full range of light work at all exertional levels but could not interact

25  with the public and have more than minimal interaction with co-workers. [AR 17; <u>see</u> AR 127]. The ALJ

26  concluded that plaintiff was not disabled because his RFC did not preclude performance of jobs available

27  in significant numbers in the national economy. [AR 23-24].

28          In reaching her September 2012 decision denying benefits, the ALJ considered treating and

examining source medical records from June 2009 through August 2012.   Those records included psychiatric medication follow-up notes dated April 2012, May 2012, and July 2012 from Dr. Pearlman, a Los Angeles County Department of Mental ("County Mental Health") physician. [See AR 16-20, AR 328-329, 337-338]. In his July 2012 note, Dr. Pearlman indicated that plaintiff's diagnosis was unchanged. [AR 328]. County Mental Health treatment records indicate that plaintiff's most recent diagnoses were mood disorder, not otherwise specified ("NOS"), rule out major depressive disorder with psychotic features, and anxiety disorder NOS. [See AR 348-350].

In November 2012, Dr. Pearlman completed a written questionnaire.  He indicated that he had seen plaintiff twice after July 2012, in September 2012 and November 2012. [AR 409]. He identified plaintiff's diagnoses as bipolar disorder and generalized anxiety disorder.   He said that plaintiff exhibited hallucinations; social withdrawal or isolation; blunt, flat, or inappropriate affect; decreased energy; manic syndrome; paranoia or inappropriate suspiciousness; difficulty thinking or concentrating; and generalized persistent anxiety. [AR 409-410].  Dr. Pearlman added that plaintiff exhibited "extremes of mood dysfunction, fluctuation, and variability" as well as "considerable anxiety." [AR 410].  Plaintiff was prescribed medications (Seroquel, Depakote ED, and Ativan) "for irritability, anxiety, anger and hallucinations," which "partially control" [his] symptoms" without current side effects of note.  [AR 410-411].  Dr. Pearlman opined that plaintiff's condition would improve with the passage of time, with a likelihood of improved mental functioning from  age 30 onward. [AR 411]. Dr. Pearlman estimated that plaintiff would be absent from work more than three times a month and opined that plaintiff would have difficulty sustaining "a regular, full-time job, even a simple, routine job" because his "mood fluctuations are likely to impair his ability to apply himself responsibly at a regular, full-time job." [AR 412].  Dr. Pearlman said that his conclusions were based on clinical observations.  He opined that plaintiff had a "marked" or "frequent" degree of limitation in activities of daily living; maintaining social functioning; maintaining concentration, persistence, and pace; and episodes of deterioration or decompensation. [AR 412]. Dr. Pearlman also concluded that plaintiff could not manage benefits in his own best interest. [AR 12].

Even when Dr. Pearlman's questionnaire responses are considered, the ALJ's decision that plaintiff could perform work with no exposure to the public and minimal interaction with co-workers is supported

1  by substantial evidence in the record as a whole.  The ALJ had the opportunity to consider all but two of

2  Dr. Pearlman's medication follow-up notes.  All of Dr. Pearlman's notes are quite brief and provide little

3  objective or clinical support for the conclusions expressed on the questionnaire.  Cf. Bayliss, 427 F.3d at

4  1217 (noting that "an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and

5  inadequately supported by clinical findings").  The ALJ considered plaintiff's treatment records as a whole,

6  including detailed notes of therapy sessions and plaintiff's response to treatment, as well as the

7  Commissioner's consultative psychiatric examination report.  The ALJ noted evidence of anxiety, depressed

8  mood, suspicion, paranoia, impaired memory and concentration, mood swings, and other symptoms similar

9  to those referenced by Dr. Pearlman, but she concluded that those records did not warrant limitations greater

10 than those she assessed. [See AR 18-21].

11      Plaintiff does not contend that the ALJ's decision lacked substantial evidence based on the evidence

12 before her.  She argues, however, that Dr. Pearlman's questionnaire responses provide a more current

13 picture of plaintiff's condition, and that the ALJ relied on "stale" evidence.  As noted above, however, the

14 ALJ considered treatment records from as late as August 2012, just a month before the hearing.  See 20

15 C.F.R. §§ 404.970, 416.1470 (stating that the Appeals Council shall consider additional evidence that relates

16 to the period on or before the date of the ALJ's decision, and will review the case if it finds that the ALJ's

17 decision is contrary to the weight of the evidence currently of record).  Dr. Pearlman's post-hearing opinion

18 does not

19 warrant changing the ALJ's decision, which is based on substantial evidence in the record and is free of

20 legal error.  See Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996) (holding that the ALJ did not err in failing

21 to remand a case based on a treating physician's report, which was less persuasive because it was issued

22 after ALJ's unfavorable determination).

23                              **Conclusion**

24      For the reasons described above, the Commissioner's decision is **affirmed.**

25 **IT IS SO ORDERED.**

26 August 26, 2015

27

28 _____
   ANDREW J. WISTRICH
   United States Magistrate Judge

4